# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:

**DOW CORNING CORPORATION,**

      **Reorganized Debtor.**

Civil Action No. 00-X-00001-DT
Litigation Facility Matters
Honorable Denise Page Hood

_____

**Individual Cases:**

    **05-30051, Lisa Hill Waltrip v. DCC Litigation Facility**
    **05-30053, Kathy L. McKenzie v. DCC Litigation Facility**
    **05-30081, Mikki Sepanski v. DCC Litigation Facility**
    **05-30248, Rita Maryetta House v. DCC Litigation Facility**
    **05-30252, Sarah R. Johnson v. DCC Litigation Facility**
    **05-30281, Peggy Claycomb v. DCC Litigation Facility**
    **05-30284, Rose Bassett v. DCC Litigation Facility**
    **05-30325, Annette M. Sakata v. DCC Litigation Facility**
    **05-30352, Anne Margaret Ewan v. DCC Litigation Facility**
    **05-30361, Sylvia Jean Patterson v. DCC Litigation Facility**
    **05-30385, Nancy G. Rushen v. DCC Litigation Facility**
    **05-30392, Jo Ann Marie Lofton v. DCC Litigation Facility**
    **05-30477, Beth Holloway v. DCC Litigation Facility**
    **05-30504, Virginia Bisek v. DCC Litigation Facility**
    **05-30514, Barbara Yvonne Ferri v. DCC Litigation Facility**
    **05-30526, Yong Sun Cooper v. DCC Litigation Facility**
    **05-30535, Patricia Davies v. DCC Litigation Facility**
    **05-30539, Un Cha Choi v. DCC Litigation Facility**
    **05-30570, Peggy E. McKinzie v. DCC Litigation Facility**
    **05-30587, Alison J. Johnson v. DCC Litigation Facility**
    **05-30592, Rita Moore v. DCC Litigation Facility**
_____/

**MEMORANDUM OPINION AND ORDER**

I.      **BACKGROUND/FACTS**

Defendant Dow Corning Corporation Facility (the "Litigation Facility") filed twenty-one (21) motions to dismiss under Rule 41(b) of the Rules of Civil Procedure against the above-listed Class 8 Claimants for failure to prosecute their Claims against the Litigation Facility by failing to submit Supplemental Questionnaires. No responses were filed to the motions, other than correspondences to defense counsel from two claimants: Virginia Bisek (05-30504) and Annette Sakata (05-30325). The Court considers these correspondences as responses to the motions. Defense counsel also received a telephone call from Alison J. Johnson (05-30587) requesting an extension to file either a response to the motion or a Supplemental Questionnaire.

Case Management Order No. 2 dated September 29, 2004 governing the cases against the Litigation Facility states that claimants must submit an initial Notice of Intent to Litigate/Claimant Questionnaire in order to commence a claim against the Litigation Facility. (9/29/04 Case Management Order No. 2, ¶ 1(a)) The Stipulated Order of October 16, 2006 provides that the Class 8 Claimants submit a Supplemental Questionnaire within 45 days of the date the Litigation Facility mails the Supplemental Questionnaire to the Claimant. "Failure to submit a completed Supplemental Questionnaire by this deadline may result in dismissal of the claimant case." (10/16/06 Order)

On October 20, 2006 the Litigation Facility sent a letter to the Class 8 Claimants, along with the Supplemental Questionnaire, indicating that the Supplemental Questionnaire was to be submitted by December 4, 2006. A followup letter was sent on January 11, 2007 to those Claimants who did not submit a Supplemental Questionnaire. The Litigation Facility has now filed Motions to Dismiss,

2

along with a Notice indicating the hearing date of the motion and the deadline for filing a response to the Court.

## II. ANALYSIS

### A. Failure to Prosecute under Fed. R. Civ. P. Rule 41(b)

The Litigation Facility moves to dismiss the Class 8 claims for failure to submit a completed Supplemental Questionnaire as required by the Court's October 16, 2006 Order under Rule 41(b) and 56 of the Rules of Civil Procedure.

Rule 41(b) of the Rules of Civil Procedure provides that a defendant may move for dismissal of an action against any claim against the defendant for failure to prosecute. Fed. R. Civ. P. 41(b) states:

> **(b)** **Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). In addition to Rule 41(b), the trial court has the inherent power to control its docket in a number of ways, including the power to order dismissals of civil cases for lack of prosecution or where the prosecuting party does not diligently move the case to conclusion by obeying the court's pretrial orders to appear when required to do so. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(the court has the inherent power to *sua sponte* dismiss a case for a party's inaction or dilatoriness of the party seeking relief). The Sixth Circuit has noted that in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal

3

unless the derelict party has engaged in "bad faith or contumacious conduct." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). Rule 41(b) allows a dismissal under this rule as an adjudication of the merits. The Sixth Circuit has recognized that a dismissal under Rule 41(b) may be with prejudice if the party receives notice and the trial court finds bad faith. *Knoll v. AT&T Co.*, 176 F.3d 359, 363-64 (6th Cir. 1999). Notwithstanding *Link*, the Sixth Circuit, "like many others, has been extremely reluctant to uphold the dismissal of a case ... merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Harmon v. CSX Transportation, Inc.,* 110 F.3d 364, 367 (6th Cir. 1997)(quoting *Buck v. U.S. Dep't of Agric., Farmers Home Admin.,* 960 F.2d 603, 608 (6th Cir. 1992)).

The September 29, 2004 Case Management Order No. 2 and the October 16, 2006 Order expressly state that failure to submit the Questionnaires may result in dismissal of the claim. The Claimants are on notice that failure to submit the Questionnaires may result in the dismissal of their claims. No responses have been filed to the motion.

The Litigation Facility raises the same arguments in all of the above-listed cases, with the following cases highlighted:

**05-30504, Virginia Bisek:** Timothy Jordan, counsel for the Litigation Facility, received correspondence from Ms. Bisek indicating the DCC Litigation Facility is lying and that she has received another confusing communication. She complains that the Questionnaire was impossible to fill out and that the questions were totally aggressive and intimidating to the point of harassment. Ms. Bisek claims she filled out the Questionnaire although she does not indicate that she submitted the Supplemental Questionnaire. The DCC Litigation Facility's records indicate that no Supplemental Questionnaire was received from Ms. Bisek.

4

**05-30325, Annette Sakata:** Ms. Sakata wrote to Mr. Jordan apparently believing that Mr. Jordan represents her. She indicates Mr. Jordan does not have her permission to dismiss her case. Ms. Sakata also called Mr. Jordan on January 25, 2007 seeking an additional copy of the Supplemental Questionnaire but as of March 20, 2007, the Litigation Facility has not received the completed Supplemental Questionnaire nor any further response from Ms. Sakata.

**05-30587: Alison Johnson:** Mr. Jordan received a call from Ms. Johnson on January 31, 2007 requesting another copy of the Supplemental Questionnaire. The Litigation Facility has not received to date the completed Supplemental Questionnaire. Ms. Johnson called Mr. Jordan on March 16, 2007 leaving a voice mail requesting for more time to respond. At the hearing, Mr. Jordan agreed to extend the time for Ms. Johnson to either respond to the instant Motion or to file the Supplemental Questionnaire. On July 9, 2007, Ms. Johnson submitted a response indicating that she never received the Supplemental Questionnaire, has experienced thefts of her mail and that she required more time to respond to this Motion, given that the Litigation Facility had now filed a Summary Judgment motion against her.

Except for the cases filed by Ms. Bisek and Ms. Johnson, the Court dismisses the remaining 19 cases for failure to prosecute under Rule 41(b). The Court denies without prejudice the Litigation Facility's Motion to Dismiss under Rule 41(b) against Ms. Bisek and Ms. Johnson. The Court will proceed to the Litigation Facility's Motion for Summary Judgment against Ms. Bisek and Ms. Johnson.

The remaining Claimants submitted no responses or any form of rebuttal to the Litigation Facility's supported claim that the Claimants failed to submit responses to the Supplemental Questionnaires. The Claimants were aware that failure to submit the Supplemental Questionnaires

may result in the dismissal of their cases.  The Litigation Facility corresponded with the Claimants on at least two occasions urging that the Claimants submit the Supplemental Questionnaires.  The dismissals are considered an adjudication of the merits and will be with prejudice.

**III.  CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Motions to Dismiss filed by the Litigation Facility against **Virginia Bisek (Case No. 05-30504) and Alison Johnson (Case No. 05-30587)** are DENIED without prejudice.  The Court will address in a later opinion the Litigation Facility's Motion for Summary Judgment against Ms. Bisek and Ms. Johnson.

IT IS FURTHER ORDERED that the Motions to Dismiss in the following cases are GRANTED and the cases are DISMISSED with prejudice:

**05-30051, Lisa Hill Waltrip v. DCC Litigation Facility**
**05-30053, Kathy L. McKenzie v. DCC Litigation Facility**
**05-30081, Mikki Sepanski v. DCC Litigation Facility**
**05-30248, Rita Maryetta House v. DCC Litigation Facility**
**05-30252, Sarah R. Johnson v. DCC Litigation Facility**
**05-30281, Peggy Claycomb v. DCC Litigation Facility**
**05-30284, Rose Bassett v. DCC Litigation Facility**
**05-30325, Annette M. Sakata v. DCC Litigation Facility**
**05-30352, Anne Margaret Ewan v. DCC Litigation Facility**
**05-30361, Sylvia Jean Patterson v. DCC Litigation Facility**
**05-30385, Nancy G. Rushen v. DCC Litigation Facility**
**05-30392, Jo Ann Marie Lofton v. DCC Litigation Facility**
**05-30477, Beth Holloway v. DCC Litigation Facility**
**05-30514, Barbara Yvonne Ferri v. DCC Litigation Facility**
**05-30526, Yong Sun Cooper v. DCC Litigation Facility**
**05-30535, Patricia Davies v. DCC Litigation Facility**
**05-30539, Un Cha Choi v. DCC Litigation Facility**
**05-30570, Peggy E. McKinzie v. DCC Litigation Facility**
**05-30592, Rita Moore v. DCC Litigation Facility**

                                              _/s/ Denise Page Hood_  
                                              DENISE PAGE HOOD  
                                              United States District Judge  

DATED: August 20, 2007